IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY COWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:07CV779-mht |
| vs. | ) |
| | ) Plaintiff Demands a Trial By Jury |
| JACKSON HOSPITAL & CLINIC, | ) |
| INC., a domestic corporation, conducting | ) |
| business in the State of Alabama, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the race discrimination suffered by Plaintiff Dorothy Cowan (hereinafter "Plaintiff") arising out of the discriminatory actions of Jackson Hospital (hereinafter "Defendant").

### II. JURISDICTION

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq. and the Civil Rights Act of 1991, 42 USC § 1981a.

3. Jurisdiction is invoked pursuant to 28 USC § 1331, 28 USC § 1343, 42 USC § 2000e-5(f).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC §§ 2201, 2202 and 24 USC § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 USC § 1981a.

5. Costs and attorneys fees may be awarded pursuant to 42 USC § 2000e-5(k) and Fed R of Civ P 54.

6. Jurisdiction is also based on the pendent jurisdiction of this Court to entertain claims arising under state law.

### III. VENUE

7. This action properly lies in the Middle District of Alabama, Northern Division, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. PARTIES

8. Plaintiff is a citizen and resident of the Montgomery County, Alabama in the United States of America and is African American of black color.

9. Defendant Jackson Hospital is an employer that engages in an industry affecting commerce, and upon information and belief, employs more than fifty (50) regular employees.

### V. FACTS

10. Plaintiff was employed by Defendant from October 24, 1988 until March 23, 2007.

11. On or about the 21st day of June, 2006, David Jones, a Caucasian male who was employed as a Department Director, made racially offensive remarks towards the African American employees, including Plaintiff, at a department meeting.

12. During said meeting, David Jones used big black monkeys and gorillas to refer to the

African American employees in his department.

13. Said epithet was a highly offensive gesture toward Defendant's majority African American female staff which included Plaintiff.

14. David Jones also waived a stun gun and stated that if he did not have cooperation from his staff, they would be stunned.

15. Plaintiff submitted a complaint to Defendant about David Jones' actions.

16. As a result of said complaint, Defendant retaliated against Plaintiff.

17. Plaintiff was moved to an office that had no windows, although Defendant knew that Plaintiff suffered from Claustrophobia.

18. As a result of Defendant's discriminatory and unfair treatment, on or about January 24, 2007, Plaintiff was diagnosed with severe medical conditions that made her unable to properly perform her job, including: hypertension, severe headaches, post traumatic stress, and insomnia.

19. At said time, Plaintiff commenced leave under the Family Medical Leave Act.

20. On or about February 13, 2007, Plaintiff was informed that she would no longer work as Bed Control Supervisor but, instead, had been demoted to the position of bed control clerk.

21. Plaintiff was also notified that she would have to work all shifts as a bed control clerk.

22. Said treatment amounted to a hostile work environment.

23. Defendant Jackson Hospital was aware of said treatment.

24. Defendant Jackson Hospital ratified said actions.

25. As a result of said discriminatory and retaliatory treatment, Plaintiff resigned from her position on March 23, 2007.

## VI. COUNT ONE
## RACE DISCRIMINATION

26. Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-five (25) of this Complaint as if fully set out herein.

27. Defendant's actions as stated above in paragraphs ten (10) through fifteen (15) are in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

28. Said severe actions of discriminatory intimidation, ridicule, and insult occurred from July 1, 2006 until March 23, 2007.

29. Said treatment was so humiliating that it manifested itself in a physical form.

30. As a result of the discriminatory treatment, Plaintiff suffered from severe medical conditions including:

    1. Hypertension;

    2. severe headaches;

    3. post traumatic stress; and

    4. insomnia.

31. Said actions unreasonably interfered with and altered the conditions of Plaintiff's employment and created a hostile, abusive work environment.

32. Plaintiff claims compensatory and punitive damages of the Defendant.

    **WHEREFORE,** Plaintiff demands judgment against the Defendant for such sums of

damages in the amount of $350,000.00.

## VII. COUNT TWO
## RETALIATION

33. Plaintiff realleges and incorporates by reference paragraphs one (1) through thirty-two (32) as if fully set out herein.

34. Defendant's actions as stated above in paragraphs fifteen (15) through twenty-five (25) are in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

35. As a result of opposing an employment practice made unlawful by Title VII, Plaintiff was frequently subjected to adverse treatment by the Defendant, including the following material alterations in Plaintiff's work environment:

   1. Plaintiff was demoted from Bed Control Supervisor to bed control clerk;

   2. Plaintiff was abruptly moved into an office without windows although Defendant had knowledge that Plaintiff suffered from claustrophobia; and

   3. Plaintiff was told that she would be required to work all shifts.

36. Plaintiff claims compensatory and punitive damages of the Defendant.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for such sums of damages in the amount of $650,000.00.

## VIII. COUNT THREE
## NEGLIGENT TRAINING

37. Plaintiff realleges and incorporates by reference, paragraphs one (1) through thirty-six (36) of this complaint as if fully set out herein.

38. At all times relevant to this complaint, David Jones was working as a Department Director for Defendant Jackson Hospital.

39. Defendant failed to exercise reasonable care by failing to properly train David Jones on Defendant's racial discrimination policies.

40. Defendant's failure to properly train David Jones of said policies caused Plaintiff to suffer harm as a result of David Jones' abuse of his supervisory authority.

41. At all times relevant hereto, David Jones was acting within the line and scope of his employment with Defendant.

42. David Jones' acts were in furtherance of Defendant's business.

43. In the alternative, Defendant ratified said acts of David Jones.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums of damages in the amount of $150,000.00.

## IX. COUNT FOUR
## CONSTRUCTIVE DISCHARGE

44. Plaintiff realleges and incorporates by reference, paragraphs one (1) through forty-three (43) of this complaint as if fully set out herein.

45. Defendant deliberately made Plaintiff's working conditions so intolerable that Plaintiff was forced into an involuntary resignation.

46. Prior to Plaintiff's resignation, Defendant exhibited frequent discriminatory and retaliatory conduct which adversely altered her work environment and physical condition.

47. That Defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964,

42 USC § 2000e et seq.

48. Due to the extent of Defendant's adverse treatment, Plaintiff resigned from her position as bed control clerk and sought other gainful employment.

49. Plaintiff was hired as a Front Desk Scheduler by Drs. Peter and Paul Shashy.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums of damages in the amount of $150,000.00.

## X. PRAYER FOR RELIEF

50. Wherefore, Plaintiff prays that this Court :

   a. declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

   b. enjoin Defendant from engaging in such conduct;

   c. order front salary and benefits for the period remaining until normal retirement.

   d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual.

   e. award Plaintiff compensatory and punitive damages in the amount of $1,300,000.00.

   f. award Plaintiff cost and attorneys fees; and

   g. grant such relief as it may deem just and proper.

## XI. JURY DEMAND

51. Plaintiff demands a trial by jury.

Respectfully submitted,

_/s/ Laura M. Irby_
Laura M. Irby (ASB-2209-A61I)
Attorney for Plaintiff

_/s/ Dwayne L. Brown_
Dwayne L. Brown (ASB-9396-B59D)
Attorney for Plaintiff

Of Counsel:

**Law Office of Dwayne L. Brown, P.C.**
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000252
Cashier ID: khaynes
Transaction Date: 08/29/2007
Payer Name: LAW OFFICE OF DEWAYNE L BROWN
------------------------------------
CIVIL FILING FEE
 For: LAW OFFICE OF DEWAYNE L BROWN
 Case/Party: D-ALM-2-07-CV-000779-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 3833
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DOROTHY COWAN V. JACKSON HOSPITAL &
CLINIC, INC.
```