IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY COWAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO.: 2:07-cv-779 |
| | § | |
| JACKSON HOSPITAL & CLINIC, INC., | § | |
| a domestic corporation, conducting | § | |
| business in the State of Alabama, | § | |
| | § | |
|    Defendant. | § | |

## ANSWER

COMES NOW the Defendant, Jackson Hospital & Clinic, Inc., and for answer to the Plaintiff's Complaint, avers and pleads as follows:

1. This Defendant admits that the Complaint purports to seek various types of relief, damages, costs and attorney's fees, but it denies that it is guilty of any act or omission that would give rise to an award or other relief.

2. The allegations in Paragraph 2 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. The allegations in Paragraph 3 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. The allegations in Paragraph 4 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. The allegations in Paragraph 5 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. The allegations in Paragraph 6 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. The allegations in Paragraph 7 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8. This Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 8 of the Plaintiff's Complaint other than it admits that the Plaintiff is African-American.

9. This Defendant admits the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. This Defendant admits that Plaintiff was employed by it but otherwise denies the allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11. This Defendant denies each and every allegation set forth in Paragraph 11 of the Plaintiff's Complaint.

12. This Defendant denies each and every allegation set forth in Paragraph 12 of the Plaintiff's Complaint.

13. This Defendant denies each and every allegation set forth in Paragraph 13 of the Plaintiff's Complaint.

14. This Defendant denies each and every allegation set forth in Paragraph 14 of the Plaintiff's Complaint.

15. This Defendant denies each and every allegation set forth in Paragraph 15 of the Plaintiff's Complaint.

16. This Defendant denies each and every allegation set forth in Paragraph 16 of the Plaintiff's Complaint.

17. This Defendant denies each and every allegation set forth in Paragraph 17 of the Plaintiff's Complaint.

18. This Defendant denies each and every allegation set forth in Paragraph 18 of the Plaintiff's Complaint.

19. This Defendant denies each and every allegation set forth in Paragraph 19 of the Plaintiff's Complaint.

20. This Defendant denies each and every allegation set forth in Paragraph 20 of the Plaintiff's Complaint.

21. This Defendant denies each and every allegation set forth in Paragraph 21 of the Plaintiff's Complaint.

22. This Defendant denies each and every allegation set forth in Paragraph 22 of the Plaintiff's Complaint.

23. This Defendant denies each and every allegation set forth in Paragraph 23 of the Plaintiff's Complaint.

24. This Defendant denies each and every allegation set forth in Paragraph 24 of the Plaintiff's Complaint.

25. This Defendant denies each and every allegation set forth in Paragraph 25 of the Plaintiff's Complaint.

26. This Defendant adopts and incorporates its responses to Paragraphs 1 through 25 as if set out fully herein.

27. This Defendant denies each and every allegation set forth in Paragraph 27 of the Plaintiff's Complaint.

28. This Defendant denies each and every allegation set forth in Paragraph 28of the Plaintiff's Complaint.

29. This Defendant denies each and every allegation set forth in Paragraph 29 of the Plaintiff's Complaint.

30. This Defendant denies each and every allegation set forth in Paragraph 30 of the Plaintiff's Complaint.

31. This Defendant denies each and every allegation set forth in Paragraph 31 of the Plaintiff's Complaint.

32. This Defendant denies each and every allegation set forth in Paragraph 32 of the Plaintiff's Complaint.

33. This Defendant adopts and incorporates its responses to Paragraphs 1 through 32 as if set out fully herein.

34. This Defendant denies each and every allegation set forth in Paragraph 34 of the Plaintiff's Complaint.

35.     This Defendant denies each and every allegation set forth in Paragraph 35 of the Plaintiff's Complaint including subparts 1, 2, and 3.

36.     This Defendant denies each and every allegation set forth in Paragraph 36 of the Plaintiff's Complaint.

37.     This Defendant adopts and incorporates its responses to Paragraphs 1 through 36 as if set out fully herein.

38.     This Defendant admits that David Jones was employed by Jackson Hospital.

39.     This Defendant denies each and every allegation set forth in Paragraph 39 of the Plaintiff's Complaint.

40.     This Defendant denies each and every allegation set forth in Paragraph 40 of the Plaintiff's Complaint.

41.     The allegations in Paragraph 41 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 41 of the Plaintiff's Complaint.

42.     This Defendant denies each and every allegation set forth in Paragraph 42 of the Plaintiff's Complaint.

43.     The allegations in Paragraph 43 are legal conclusions that do not warrant a response. To the extent that a response may be required, Jackson Hospital & Clinic, Inc. denies that allegations set forth in Paragraph 43 of the Plaintiff's Complaint.

44.     This Defendant adopts and incorporates its responses to Paragraphs 1 through 43 as if set out fully herein.

45.     This Defendant denies each and every allegation set forth in Paragraph 45 of the Plaintiff's Complaint.

46.     This Defendant denies each and every allegation set forth in Paragraph 46 of the Plaintiff's Complaint.

47.     This Defendant denies each and every allegation set forth in Paragraph 47 of the Plaintiff's Complaint.

48.     This Defendant denies each and every allegation set forth in Paragraph 48 of the Plaintiff's Complaint.

49.     This Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 49 of the Plaintiff's Complaint.

50.     In response to the "Wherefore" pleading in Paragraph 50 of the Complaint, this Defendant denies that Plaintiff is entitled to any relief and it therefore prays that this Court issue an order dismissing the Complaint with prejudice.

51.     In response to the Plaintiff's jury demand, this Defendant respectfully requests trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's discrimination claims are barred, in whole or in part, to the extent that they exceed the scope or are inconsistent with the charges of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC).

**THIRD DEFENSE**

Jackson Hospital & Clinic, Inc. pleads the applicable statute of limitations as a bar to some or all of the Plaintiffs' claims.

**FOURTH DEFENSE**

To the extent it may be determined that Jackson Hospital & Clinic, Inc. engaged in any of the conduct alleged in the Complaint, which Jackson Hospital & Clinic, Inc. denies, such actions were contrary to Jackson Hospital & Clinic, Inc.'s good faith efforts to comply with Title VII and applicable anti-discrimination laws. Consequently, Plaintiff's claims for punitive damages are barred.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

**SIXTH DEFENSE**

Upon information and belief, Plaintiff has had and continues to have the ability to mitigate damages, and to the extent that mitigation has not occurred, this Defendant pleads failure to mitigate as a full or partial bar to Plaintiff's recovery.

**SEVENTH DEFENSE**

To the extent that it may be found that Plaintiff was subjected to any of the conduct alleged in the Complaint, which Jackson Hospital & Clinic, Inc. denies, Jackson Hospital & Clinic, Inc. is not liable for such conduct because it exercised reasonable care to prevent and promptly correct such conduct. Furthermore, Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to avoid harm otherwise.

**EIGHTH DEFENSE**

The Plaintiff's claims for punitive damages unconstitutionally violate the United States Constitution and the Constitution of the State of Alabama.

**NINTH DEFENSE**

This Defendant denies that it is guilty of any conduct which would entitle the Plaintiff to recover punitive damages.

**TENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

**ELEVENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWELFTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, this Defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

**THIRTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of the Self Incrimination Clause of the Fifth Amendment to the Constitution of the United States of

America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be in violation of the rights guaranteed by the Constitution of the United States of America to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be in violation of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (f)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## SEVENTEENTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

## NINETEENTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" Id. (quoting Lindsey v. Normet, 405 U.s. 56, 66 (1972)).

WHEREFORE, Defendant prays to the Court:

    a.    that Plaintiff have and recover nothing of Defendant;

    b.    that Plaintiff's Complaint be dismissed with prejudice;

    c.    that judgment be entered in favor of Defendant;

    d.    that the cost of this action be taxed against Plaintiff and that the Defendant recover its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law;

    e.    that the Court grant Defendant such other and further relief as the Court may deem just and proper.

                                                                                 */s/ Ben C. Wilson*_____
                                                                                  BEN C. WILSON (asb-1649-i54b)
                                                                                  Attorney for Defendant,
                                                                                 Jackson Hospital & Clinic, Inc.

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL  36101-0270
Phone:  (334) 206-3100
Fax:  (334) 262-6277
bcw@rsjg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed and served through CMECF the above and foregoing document upon all interested parties on this the 20th day of September 2007, as follows:

Dwayne L. Brown
Law Office of Dwayne L. Brown, P.C.
P.O. Box 230205
Montgomery, Alabama  36123-0205

                                              */s/ Ben C. Wilson*_____
                                              OF COUNSEL