IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DOROTHY COWAN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 2:07-CV-00779-MHT |
| | * |
| **JACKSON HOSPITAL & CLINIC, INC.,** | * |
| | * |
| Defendant. | * |

## REPORT OF RULE 26(f) PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held between counsel for the parties on the 16th day of October 2007, via telephone, and now submit the following report of that meeting to the Court for consideration.

1. The meeting was attended by:

    a. Dwayne L. Brown, counsel for the Plaintiff Dorothy Cowan.

    b. Ben C. Wilson, counsel for the Defendant Jackson Hospital & Clinic, Inc.

2. Pre-discovery disclosures. The parties will exchange by November 15, 2007 the information required by Local Rule 26.1(a)(1).

3. Discovery Plan:    The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:  All allegations set forth in the complaint, including the allegations of discrimination on account of race, retaliation against the Plaintiff on account of complaints of discriminatory conduct, negligent training of Defendant's employee(s), constructive discharge, as well as the Plaintiff's various claims of injury/damage and the affirmative defense(s) raised in the Answer of Jackson Hospital;

      b.    Disclosure or discovery of electronically stored information should be handled by parties first taking steps to secure/maintain any electronically stored data and then producing such data as may be warranted through the course of discovery.

      c.    The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: The parties defer to the Court's guidance concerning such an order should the need arise over the course of this litigation.

      d.    All discovery shall be commenced in time to be completed by June 16, 2008;

      e.    Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

      f.    Maximum of 40 requests for production by each party to any other party. Responses due 30 days after service.

      g.    Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service;

      h.    Maximum of 15 depositions by Plaintiffs and 15 depositions by Defendants, unless otherwise agreed to by the parties;

      g.    Each deposition, other than that of the parties, limited to a maximum of 6 hours, unless otherwise agreed to by the parties. Parties' depositions limited to a maximum of 8 hours, unless otherwise agreed to by the parties;

      h.    Reports from retained experts under Rule 26(a)(2) due;

          i.    from Plaintiff by March 31, 2008; and

          ii.    from Defendant by April 30, 2008.

      i.    Supplementation under Rule 26(e) due within a reasonable time thereafter.

  4.  Other Matters:

    a.  The parties do not request a conference with the Court before entry of the Scheduling Order.

    b.  Plaintiff should be allowed until January 15, 2007, to join additional parties and to amend the pleadings.

    c.  Defendants should be allowed until February 14, 2008, to join additional parties and to amend the pleadings.

    d.  All potentially dispositive motions should be filed by April 30, 2008;

    e.  Settlement cannot be realistically evaluated prior to April 30, 2008;

    f.  Final list of witnesses and exhibits under Rule 26(a)(3) should be due:

      i.  from Plaintiff:  60 days before trial; and

      ii.  from Defendant:  60 days before trial.

    g.  Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3); and

    h.  The case should be ready for trial by the Court's September 2008 civil term, and is expected to take approximately 5 days.

Counsel for the parties have agreed that this document shall be filed as a joint document but shall contain only the electronic signature of Ben C. Wilson.

Respectfully submitted 16 October, 2007.

            /s/ Ben C. Wilson
            Attorney for Defendant
            Jackson Hospital & Clinic, Inc.

OF COUNSEL:
Rushton, Stakely, Johnston
& Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:   334/206-3100
Fax:         334/481-0831
E-mail:      bcw@rsjg.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 16 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Dwayne L. Brown, Esq.
    Post Office Box 230305
    Montgomery, Alabama 36123-0205
    dbrown@dbrownatty.com

    /s/ Ben C. Wilson
    OF COUNSEL