IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY COWAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO.: 2:07-cv-779-MHT |
| | § | |
| JACKSON HOSPITAL & CLINIC, INC., | § | |
| a domestic corporation, conducting | § | |
| business in the State of Alabama, | § | |
| | § | |
| **Defendant.** | § | |

**RESPONSE OF DEFENDANT JACKSON HOSPITAL & CLINIC, INC.
TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF SUMMARY
JUDGMENT OR, ALTERNATIVELY, TO EXTEND THE DISCOVERY CUTOFF**

COMES NOW the Defendant, Jackson Hospital & Clinic, Inc. ("Jackson"), and responds to Plaintiff's Motion to Defer Consideration of its Motion for Summary Judgment or, alternatively, to extend the discovery deadline as follows:

1. The depositions of the Plaintiff, Dorothy Cowan, and David Jones were taken on April 17 and 18, 2008 respectively. Jones is the Jackson Hospital employee whom Cowan alleges perpetrated the discriminatory conduct alleged in this case. The following week, counsel requested deposition dates for six additional individuals. See Letter of April 23, 2008, Exhibit A to Plaintiff's Motion. These witnesses are, with one exception, all current employees of Jackson Hospital. The day after that, Plaintiff's counsel mailed a Rule 30(b)(6) deposition notice, time and date left blank subject to attorney/witness availability. See Letter of April 24, 2008, Exhibit A to Plaintiff's Motion.

1

2.     On May 2, 2008, the undersigned responded by advising of a medical malpractice jury trial due to start on May 12, 2008[1] and that Jackson would make a corporate representative and other witnesses available within a reasonable time after the completion of that trial.  See Letter of May 2, 2008, Exhibit B to Plaintiff's Motion.  Plaintiff counsel's May 5 response requested that forthcoming deposition dates allow at least three weeks' notice in order to maximize available options.  See Exhibit A to Plaintiff's Motion.  Therefore, by the terms of the May 5 correspondence, these depositions were never contemplated to occur before the week of May 26 at the earliest.  Nevertheless, Plaintiff's counsel has today (May 16) been advised that the witnesses over whom Jackson has control can be available during the weeks beginning June 2 or June 9, 2008.

3.  All of the witnesses Plaintiff's counsel seeks to depose have been known to Plaintiff from the beginning of this litigation.  Deponents now sought include Ed Scholl, David Jones's administrative manager at Jackson Hospital, Gilbert Darrington, Jackson's Director of Human Resources, and Terri Lowery, R.N., a nursing consultant whom Cowan claims was the primary force behind various allegedly retaliatory measures.  Plaintiff directed her internal complaint about Jones to Scholl and Darrington, see Exhibit D & E to Motion for Summary Judgment, and Plaintiff's resignation letter that now gives rise to her constructive discharge claim was addressed to Lowery.  See Exhibit L to Motion for Summary Judgment.  Another deponent, Sharon Venable, was essentially David Jones's secretary and was present during the meeting upon which the discrimination claim is based.

---

[1] In the Motion to Extend, Plaintiff's counsel appears to imply that the May 12 jury trial in state court was a sham or delaying tactic because Jackson's Motion for Summary Judgment was also filed on May 12.  Jackson's dispositive motion was filed in keeping with the applicable deadline imposed by this Court, and the state court trial, which began as scheduled before Circuit Judge Eugene Reese, was in fact tried to verdict by the undersigned.  The case is George v. Southeastern Industrial & Family Medicine Associates, L.L.C. et al, CV-05-2874 (Circuit Court of Montgomery County).

2

4.  Four of the six witnesses are included in Plaintiff's Initial Disclosures, which were submitted in November of 2007, and five of the six are included in Jackson's Initial Disclosures. See Initial Disclosures, Exhibits A and B respectively hereto.  The only witness not listed in initial disclosures is Rebecca Myrick, a Jackson employee whose relevance to this case was first suggested by Plaintiff.

5.  Jackson offers this background to the Court as it considers the Plaintiff's Motion to Defer Consideration of Summary Judgment and/or Extend Discovery.  Jackson respectfully objects to any scenario that would involve deferring the summary judgment submission date until after the current discovery cutoff, but it otherwise defers to the Court's guidance concerning the relief sought by Plaintiff.

/s/ Benjamin C. Wilson
**BENJAMIN C. WILSON**
**Ala. Bar No.: asb-1649-i54b**
**Attorney for Defendant**
**Jackson Hospital & Clinic, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3194**
**Fax:  (334) 481-0831**
**bcw@rsjg.com**

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed above and foregoing document with the Court via CM-ECF, on this the 16th day of May 2008, and that service will be made electronically by CM-ECF on the following counsel of record:

Dwayne L. Brown, Esq.
Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, Alabama 36123-0205

/s/ Benjamin C. Wilson_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALBAMA
NORTHERN DIVISION

DOROTHY COWAN,                          )
                                        )
          Plaintiff,                    )
                                        )          Civil Action No. 2:07cv779
vs.                                     )
                                        )
JACKSON HOSPITAL & CLINIC,              )
INC., a domestic corporation, conducting)
business in the State of Alabama,       )
                                        )
          Defendant.                    )

## PLAINTIFF'S INITIAL DISCLOSURES

    **COMES NOW** the Plaintiff, Dorothy Cowan, by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(1), and submits the following initial disclosures based upon information reasonably available to her at this time. For the purpose of clarity, the Plaintiff has reprinted the applicable subsections of Rule 26(a)(1) below, followed by her response.

    A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

    **Response: Plaintiff names the following individuals who may have discoverable information:**

      a. **Dorothy Cowan**
      **2185 Beverly Drive**
      **Montgomery, AL 36111**
      **(334) 356-9592**

      <u>**Subject of Knowledge:**</u> **Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.**



  b.  **Dr. Joel McCloud, Jr.**
      **1301 Mulberry Street**
      **Montgomery, AL 36106**
      **(334) 265-6153**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  c.  **David Jones**
      **Current employee of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  d.  **Martha Motes**
      **Current employee of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  e.  **Cynthia Dixon**
      **Director of Nurses**
      **Current employee of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  f.  **Paula Zeugler**
      **Current employee of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  g.  **Gilbert Darrington**
      **Current employee of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

  h.  **Terri Lowery**
      **Current employer of Jackson Hospital**

      <u>**Subject of Knowledge:**</u> Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.

   i.   Tammy Hoit
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

   j.   Don Henderson
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

   k.   Laura Gardner
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

   l.   Ed Scholl
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

  m.  Dee Smith
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

   n.   Brenda McCoy
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

   o.   Janice Hatchcock
       Current employee of Jackson Hospital

       <u>Subject of Knowledge:</u> Facts and circumstances surrounding the alleged
       incident made the basis of Plaintiff's Complaint.

p. **Terri Herring**
   Current employee of Jackson Hospital

   <u>Subject of Knowledge:</u> **Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.**

q. **Charlotte Gillis**
   Current employee of Jackson Hospital

   <u>Subject of Knowledge:</u> **Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.**

r. **Janice Relf**
   Current employee of Jackson Hospital

   <u>Subject of Knowledge:</u> **Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.**

s. **Josephine Carol**
   Current employee of Jackson Hospital

   <u>Subject of Knowledge:</u> **Facts and circumstances surrounding the alleged incident made the basis of Plaintiff's Complaint.**

B. A copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Response: Attached you will find the following:**

1. **Two (2) e- mails dated June 22, 2006 to Gilbert Darrington from Dorothy Cowan;**
2. **Letter dated July 21, 2006 from "A Group of Unsatisfied Employees";**
3. **Jackson Hospital & Clinic, Inc Policy and Procedure Manual;**
4. **Letter of Recommendation dated March 29, 2007 from Dr. Stephen K. Kwan;**
5. **Letter of Recommendation dated March 29, 2007 from Dr. Scott L. Faulkner;**
6. **Letter of Recommendation dated March 27, 2007 from Dr. John E. Hackman;**
7. **Application for Family & Medical Leave dated January 24, 2007;**
8. **Certification of Health Care Provider dated January 24, 2007;**
9. **Excuses from Dr. Joel McCloud dated January 16, 2007, and January 17, 2007;**

      10. **Two (2) return to work/school excuses;**
      11. **Family and Medical leave - Intermittent dated January 26, 2007; and**
      12. **Letter of resignation to Terri Lowrey.**

C.  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 of the documents or other evidentiary material, not privileged or protected from disclosure, in which such computation is based, including materials bearing on the nature and extent of injuries suffered.

    **Response:  Damages will be determined by the enlightened conscience of the jury.**

D.  For inspection and copying as under Rule 34 any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    **Response: N/A**

*The above disclosures are made by Plaintiff, by and through her counsel of records after taking reasonable efforts to identify any and all information, witnesses, or documents within their knowledge or possession which may fall within the parameters of the Federal and/or Local Rules regarding Initial Disclosures in this matter. The disclosures of any named witness is not intended by the Plaintiff to state any opinion as to whether or not that person actually possesses document referred to by Plaintiff should be taken as a statement that such document supports the Plaintiff's claims. The Plaintiff, in this matter, is acting in good faith in making these disclosures in an attempt to comply with the rules governing the same. As, or if, additional information becomes available to Plaintiff through discovery or other means, these Initial Disclosures will be supplemented in accordance with the applicable rules and orders of the Court.*

            Respectfully Submitted,

            Dwayne Brown,
            Attorney for Plaintiff

**Of Counsel:**

Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

## Certificate of Service

    I hereby certify that on **November 15, 2007**, a copy of the foregoing was served on opposing attorney by depositing a copy of the same in the United State Mail, postage prepaid and properly addressed to:

**Ben C. Wilson, Esq.**
**Rushton Stakely Johnston & Garrett, P. A.**
**184 Commerce Steet**
**Post Office Box 270**
**Montgomery, AL 36101-0270**

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY COWAN,                         §
                                       §
        Plaintiff,                     §
                                       §
vs.                                    §      CASE NO.: 2:07-cv-779
                                       §
JACKSON HOSPITAL & CLINIC, INC.,§
a domestic corporation, conducting     §
business in the State of Alabama,      §
                                       §
        Defendant.                     §

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW Jackson Hospital & Clinic, Inc., Defendant in the above-captioned matter,

and in accordance with the applicable order of the Court and Fed. R. Civ. P. 26, hereby submits

the following initial disclosures:

1. The name and, if known, the address and telephone number of each individual likely

to have discoverable information that the disclosing party may use to support its claims or

defenses, unless solely for impeachment, identifying the subjects of the information:

      a.    Dorothy Cowan
           2185 Beverly Drive
           Montgomery, Alabama 36111
           Plaintiff

      b.    David Jones
           Contact information unknown
           Plaintiff's supervisor and the employee who is alleged to have perpetrated the
           alleged discrimination

      c.    Gilbert Darrington
           1725 Pine Street
           Montgomery, Alabama
           293-8000



EXHIBIT
B

Jackson Hospital Human Resources Director.    Has knowledge of events surrounding plaintiff's allegations and hospital operations.

d.    Ed Scholl
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital Vice President.  Has knowledge of events surrounding plaintiff's allegations and hospital operations.

e.    Cynthia Dixon
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital Chief Nursing Officer.  Has knowledge of events surrounding plaintiff's allegations and hospital operations.

f.    Terri Lowery
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital operations consultant.  Has knowledge of events surrounding plaintiff's allegations and hospital operations.

g.    Charlotte Gillis
Contact information unknown
Former employee has knowledge of events made the basis of plaintiff's complaint.

h.    Carmen Bowe
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital employee.  Has knowledge of events surrounding plaintiff's allegations

i.    Rick Mann
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital employee.  Has knowledge of events surrounding hospital operations.

j.     Sharon Venable
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

k.     Katie McMann
       Contact information unknown.
       Former Jackson Hospital employee.   Has knowledge of events surrounding
       plaintiff's allegations

l.     Martine Bettis
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

m.     Patricia Edwards
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

n.     Angela Griffin
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

o.     Gloria Thomas
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

p.     Ann Turner
       1725 Pine Street
       Montgomery, Alabama
       293-8000
       Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
       allegations

3

q.   Mary Zeigler
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
allegations

r.   Rosa Moses
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
allegations

s.   Diane McGough
1725 Pine Street
Montgomery, Alabama
293-8000
Jackson Hospital employee.   Has knowledge of events surrounding plaintiff's
allegations

t.   Stephania Juste
Contact information unknown
Former Jackson Hospital employee.   Has knowledge of events surrounding
plaintiff's allegations.

u.   Diedre Smith
Contact information unknown
Former Jackson Hospital employee.   Has knowledge of events surrounding
plaintiff's allegations.

v.   Tracy McGinty
Contact information unknown
Former Jackson Hospital employee.   Has knowledge of events surrounding
plaintiff's allegations.

2.   A copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

a.   A complete copy of the personnel file of Dorothy Cowan (which contains a number of

4

documents referenced in plaintiff's initial disclosures).

   b.  E-mails to administration from Dorothy Cowan.

   c.  Anonymous letter to administration from "a group of unsatisfied employees."

   3.  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 of the documents or other evidentiary material, not privileged or protected from disclosure, in which such computation is based, including materials bearing on the nature and extent of injuries suffered.

   a. N/A.

   4.  For inspection and copying as under Rule 34 any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

   a.  The applicable agreement/policy has been requested and will be provided for inspection and copying upon receipt.

BEN C. WILSON (asb-1649-i54b)
Attorney for Defendant,
Jackson Hospital & Clinic, Inc.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL  36101-0270
Phone:  (334) 206-3100
Fax:  (334) 262-6277
bcw@rsjg.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all interested parties on this the 19th day of November 2007, by hand delivery and United States Mail, postage prepaid and properly addressed, as follows:

Dwayne L. Brown
**Law Office of Dwayne L. Brown, P.C.**
P.O. Box 230205
Montgomery, Alabama  36123-0205

OF COUNSEL

6