IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DOROTHY COWAN,

      Plaintiff,

v.                                Case No. **2:07-cv-779-MHT**

JACKSON HOSPITAL, et al.,

      Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, the Plaintiff Dorothy Cowan respectfully moves the Court for an order requiring the Defendant to provide complete responses to the discovery she propounded, specifically request no. 3 to Plaintiffs First Consolidated Discovery. In an effort to secure the discovery at issue without action of this Honorable Court, Plaintiff's counsel has in good faith conferred with defense counsel concerning the requested item that has not been produced to date. Plaintiff and defense counsel have not been able to resolve their differences and, as a result, the Plaintiff has brought this motion.

### Background

This is a racial discrimination case filed by Dorothy Cowan against Jackson Hospital. Amongst other things, Ms. Cowan alleges that David Jones, a Caucasian manager at Jackson, made racially offensive remarks toward her and other similarly situated African-Americans during a June 21, 2006 staff meeting.

On April 18, 2008, Plaintiff's counsel deposed David Jones. Owing his deposition, Mr. Jones indicated that Angela Griffin was a supervisor in the registration department as Ms. Cowan.

2

In addition, Ms. Griffin was at the staff meeting of June 21, 2006, wherein Mr. Jones made racially offensive remarks as alleged in ¶ 1 and 112 of Ms. Cowan's complaint.

In lieu of the foregoing, Ms. Cowan in request no. 3 of Plaintiffs First Consolidated Discovery, requested that Jackson provide a copy of Angela Griffin's personnel file. In response thereto, Jackson objected to this request as "overly broad, unduly invasive of the privacy and confidentiality expectations of the employee in question, and not reasonably calculated to lead to the discovery of admissible evidence when considered in context with the allegations set forth in Plaintiff's complaint".

In an effort to resolve this dispute without court intervention, Plaintiff's counsel wrote defense counsel a letter dated June 2, 2008. (Letter dated June 2, 2008, attached hereto as Exhibit A). In said letter, Plaintiff's counsel requested that Jackson reconsider its position, and provide a copy of Ms. Griffin's personnel file. In response thereto, defense counsel, Ben C. Wilson, call Plaintiff's counsel and indicated that he would indicate Jackson's position by Tuesday, June 3, 2008.

Unfortunately, at the lime of filing this motion, defense counsel has not communicated to Plaintiffs counsel regarding producing Angela Griffin's personnel file. Due to the materiality of the requested discovery, and the impending discovery deadline, Plaintiff's counsel felt the need to file this motion expeditiously.

The Plaintiff seeks to compel the production of Angela Griffin's personnel file.

Argument

A.    Legal Standard.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including any matter, not privileged, that is relevant to the claim or defense of any party or, upon a

showing of good cause, any matter relevant to the subject matter involved.... *Treister v. PNC Bank,* 2007 WL 521935, * 1 (S.D. Fla. 2007). Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Id.* (citing *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D.Ind.2002); e.g., *In re Theragenics Corp. Secs. Litigation,* 205 F.R.D. 631, 636-37 (N.D.Ga.2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D.I11.2001)). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 *2 (S.D.Fla. Nov. 1, 2001).

To sustain its objections in response to the pending motion to compel, the defendant must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case. *Tate v. US Postal Service,* 2007 WL 521848, *2 (S.D. Fla. *2007)(citing Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C.1978); *Graham,* 206 F.R.D. at 254 (The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant.). This means that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Id.* (Citing *Giardina v. Lockheed Martin Corp.,* 2003 WL 21276348 (E.D.La. May 30, 2003); *Gober City of Leesburg,* 197 F.R.D. 519 (M.D.Fla.2000).

It has long been understood that an employer's treatment of other members of the protected group is discoverable. Tellingly, Angela Griffin was in all material respects, similarly situated to

4

Ms. Cowan in regards to race, gender, position of employment, and was under the authority of David Jones. More importantly, Ms. Jones filed a racial discrimination complaint against Jackson presumably under the authority of David Jones. At the present time, Plaintiff's counsel is unaware whether David Jones has been implicated in Ms. Griffin's complaint.

Clearly, the personnel file of Ms. Jones is reasonably related to the discovery of admissible evidence in this case and such evidence is not otherwise readily obtainable. Jackson has failed to meet its burden under Tate that the requested discovery has no possible bearing on the claims and defenses in this case, and in keeping with the spirit and purpose of discovery under Rule 26 and Treister Plaintiffs request should be granted. Tate, 2007 WL 521848, *2, Triester, 2007 WL 521935, *1.

To date, Defendant has failed to produce the requested information. Defendant's failure to produce these documents has hindered Plaintiff from advancing her case through discovery and in preparation for trial.

### CONCLUSION

Wherefore, premises considered, Plaintiff respectfully requests that this Honorable Court enter an Order compelling the Defendant Jackson to produce to Plaintiff documents responsive to this Request, and in accordance with Rule 37(A)(5)(A) of the Federal Rules of Civil Procedure pay Plaintiff's reasonable expenses and attorney fees in filing this motion.

**Respectfully Submitted,**

/s/ Dwayne L. Brown
Dwayne L. Brown (BRO149)
Attorney for the Plaintiff

5

Of Counsel:
Law Office of Dwayne L. Brown, PC
Post Office Box 230205
Montgomery, Alabama 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrownadbrownatty.cm

## CERTIFICATE OF SERVICE

   hereby certify that a true and correct copy of the above and foregoing has been served via the Court's ECF system on June 3, 2008 and the same will be sent to the following via e-mail by the Court's ECF system: Ben C. **Wilson, esq.**

        /s/Dwayne L. Brown
        Of Counsel

# LAW OFFICE OF DWAYNE BROWN

## FACSIMILE TRANSMITTAL SHEET

| ArEN: | FROM: |
|---|---|
| Ben C. Wilson, Esq. | DWAYNE L. BROWN/TAFACA R. WEBSTER |
| FAX NO<br>262-6277 | DAtl<br>JUNE 2, 2008 |
| BUSINESS | NO. OP PAOLI; to 1,01101411:<br>2 |
| PI 101·4k N1.1M1114.12: | SENDER'S REFERENCE NUMBER: |
| RE:<br>Cowan v. Jackson Hospital | YOUR KEF•RENC14 1,41)N1B1412: |

❏ URGENT ❏ FOR REVIEW ❏ Pi.RAfiR COMMENT ❏ PLLASIL REPLY    ❏ PLEASE RECYCLE

NOTES/COMMENTS:

This information may be within the attorney-client privilege and/or constitute a confidence or *San* under the applicable legal and ethical rules. As such, it may be both privileged and confidential. If the reader of this message is not the intended recipient or a duly authorized agent responsible for delivering it to the intended recipient, you are hereby notified that this document has been received in error. Furthermore, any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message and any copies to us by mail. We will reimburse you for any reasonable direct or indirect costs you incur connected with the requested telephone call *and* mailing. We appreciate your courtesy.

LAW OFFICE OF

# Dwayne L. Brown

CONSUMER JUSTICE ATTORNEYS

Dwayne    Brown
dbrown@dbrownatty.com

Laura M. Irby
lirhy@dhrovnatty.com

June 2, 2008

<u>VIA FACSIMILE ONLY (334) 262-6277</u>
**Ben** C. Wilson, Esq.
Rushton Stakely Johnston & Garrett, PA
Post Office Box 270
Montgomery, AL 36101-0270

      **Re:**       **Dorothy R. Cowan v. Jackson Hospital, et al.**
      **Case** No.: 2:07cv779

Dear Ben:

      I am in receipt of Defendant Jackson's response to Plaintiffs First Consolidated Discovery Requests.

      As per our telephone conversation on Friday, May 30, 2008, it is my understanding that Jackson will not produce a copy of Angela Griffin's personnel file, and that Plaintiff needs to move the court to decide this issue.

      In an effort to secure this relevant discovery without moving the court, I am requesting that Jackson reconsider its position in this regard.

      First, Angela Griffin, who has a pending racial discrimination case against Jackson, worked in the same department as Ms. Cowan under the supervision of David Jones. This is according to Mr. Jones' deposition testimony. Furthermore, Ms. Griffin was a similarly situated supervisor in the registration department, like Ms. Cowan. Also, Ms. Griffin was present during the June 21, 2006 meeting. This is all based on Mr. Jones' deposition testimony.

      Ben, it has long been held that an employers' treatment of other members of the protected group is discoverable. In addition, this type of circumstantial evidence is clearly relevant to discriminatory intent.

      David Jones and Jackson maintain that their actions were absent discriminatory intent. Ms. Cowan has a right to dispute the same, and request all discovery relevant to this issue.

In closing, due to our fast approaching discovery deadline and our upcoming depositions, I need to know by the close of business today if Jackson will produce this discovery. If Jackson continues to refuse, I will file a motion with the court and request that costs be taxed against Jackson accordingly.

I am available this afternoon to discuss the same.

Sincerely,

Dwayne L. Brown

DLB/trw

## TRANSMISSION REPORT

(MON) JUN  2 2008 12:21

| | | | |
|---|---|---|---|
| ACCOUNT NAME | | DOCUMENT# | : 6880228-672 |
| DESTINATION | : 2526277 | TIME STORED | : JUN  2 12:20 |
| BEST. NUMBER | : 2626277 | TIME SENT | : JUN  2 12:20 |
| | | DURATION | : 48sec |
| F-CODE | | MODE | : ECM |

| | |
|---|---|
| PAGES | 3 sheets |
| RESULT | OK |