IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**DOROTHY COWAN,**

    **Plaintiff,**

                                      **Civil Action No. 2:07cv779**

**vs.**

**JACKSON HOSPITAL & CLINIC,
INC., a domestic corporation, conducting
business in the State of Alabama,**

    **Defendant.**

## MOTION FOR RECONSIDERATION

**COMES NOW** the Plaintiff, Dorothy Cowan, by and through her undersigned counsel, and files this motion for reconsideration, and in support thereof states:

1. That on June 3, 2008, Plaintiff filed a motion to compel in the above-styled case.

2. That on June 10, 2008, this Honorable Court denied Plaintiffs motion to compel.

3. That in support of its denial, this Court indicated that Angela Griffin is a Caucasian, she was not present at the June 21, 2006 staff meeting, and she has never filed a discrimination claim against Defendant.

4. That Plaintiff in her motion to compel erroneously indicated that Ms. Griffin is African-American.

5. That furthermore, Plaintiff inadvertently failed to indicated in said motion the following material facts in support of her motion to compel:

    a. Angela Griffin was a supervisor for central scheduling. Plaintiff was the supervisor of bed control.

    b. These two units were under the Registration department.

    c. Plaintiff and Angela Griffin's supervisor was David Jones.

    d. David Jones, a Caucasian, is accused of racist conduct by Plaintiff stemming from several incidents, including, but not limited to, a monkey-gorilla incident that occurred on June 21, 2006.

    e. Importantly, before June 21, 2006, Plaintiff complained to David Jones that she was being unfairly treated as compared to Ms. Griffin. Specifically, Ms. Griffin was making a superior salary, and received a parking pass. (Dorothy's Cowan's deposition pp. 118 – 119, attached hereto as Exhibit A).

6. Clearly, the personnel file of Angela Griffin is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.

7. That due to Plaintiffs deadline of June 30, 2008 to respond to Defendant's motion for summary judgment, Plaintiff is requesting an expeditious ruling on her motion.

                                                      Respectfully Submitted,

                                                      /s/Dwayne L. Brown
                                                      Dwayne L. Brown (BRO149)
                                                      Attorney for the Plaintiff

Of Counsel:
**Law Office of Dwayne** L. Brown, PC
Post Office Box 230205
Montgomery, Alabama 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrownadbrownatty.com

                                            CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been served via the Court's ECF system on June 16, 2008 and the same will be sent to the following via e-mail by the Court's ECF system: **Ben** C. Wilson, esq.

                                                      /s/Dwayne L. Brown
                                                      Of Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

CIVIL ACTION NO.: 2:07-cv-779

DOROTHY COWAN,

    Plaintiff,

**vs.**

JACKSON HOSPITAL & CLINIC, INC.,

a domestic corporation, conduction

business in the State of Alabama,

    Defendant.

## STIPULATION

IT IS STIPULATED AND AGREED by an

between the parties through their respectiv

counsel, that the deposition of Dorothy

Cowan may be taken before Angela Smith

McGalliard, RPR, CRR, at the offices of

Rushton, Stakely, Johnston & Garrett, at 18

Commerce Street, Montgomery, Alabama 36104,

on the 17th day of April, 2008.

DEPOSITION OF DOROTHY COWAN

FREEDOM COURT REPORTING

118

1    Q.    Of what?
2    A.    I'm not sure about the date.
3    Q.    I mean, is it fair to say tha
4    around the time frame of 2005, 2006 that
5    there were a number of new systems,
6    policies, and procedures going into place
7    that affected your unit?
8    A.    Yes.
9    Q.    Other than the STAR system,
10   was there any new procedure or protocol tha
11   required employees like you to be trained
12   undergo training?
13   A.    No.
14   Q.    *Now,* as you know, the staff
15   meeting that I think lies at the heart of
16   your lawsuit took place on June 21, 2006?
17   A.    Right.
18   Q.    Okay. I'm going to get to
19   that in a minute.
20   A.    Uh-huh.
21   Q.    But before we get to that, I
22   want to ask you, did you and David Jones
23   ever have any dispute of any kind before

367 VALLEY AVENUE
(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-373-3660

FREEDOM COURT REPORTING

119

1    June 21?

2        A.    Yes, we did.

3        Q.    Tell me about that.

4        A.    When Angela Griffin came on, he hired her in as a supervisor for central scheduling. I was a training supervisor for bed control --

8        Q.    Uh-huh.

9        A.    -- which gave her more money than bed control was getting. And after I complained to David, human resources, and Mr. Scholl, I got a pay raise and my job title changed from training coordinator to bed control supervisor. I don't know if I made what Angela made or what, but my pay rate changed. And this Angela Griffin also had a parking pass, and I asked David if she was just a supervisor how did she get a parking pass and none of the other supervisors had a parking pass.

21       Q.    And he said what?

22       A.    He never gave me an answer.

23       Q.    And Angela Griffin was hired

367 VALLEY AVENUE
(205) 397-2397   BIRMINGHAM, ALABAMA   1-877-373-3660