IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY COWAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: 2:07-cv-779-MHT |
| | § | |
| JACKSON HOSPITAL & CLINIC, INC., | § | |
| a domestic corporation, conducting | § | |
| business in the State of Alabama, | § | |
| | § | |
|    Defendant. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUBMISSION IN
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Jackson Hospital & Clinic, Inc. ("Jackson"), and, having received leave of court, hereby submits the following in reply to Plaintiff's submissions in opposition to its pending Motion for Summary Judgment:

### I. **Cowan has abandoned her claims of racial discrimination and negligent training/supervision**

Cowan's various submissions to this Court in response to Jackson's Motion for Summary Judgment are styled as "partial oppositions." *See* Plaintiff's Motion in Partial Opposition to Defendant's Motion for Summary Judgment (Doc. 38); Response in Partial Opposition to Defendant's Motion for Summary Judgment (Doc. 39). In the latter filing, Cowan specifically asks the Court to overrule Jackson's motion only insofar as it applies to her retaliation and constructive discharge claims. *See id.* Cowan offers no evidence or argument toward the preservation of her claim of racial discrimination (Count I) or negligent training (Count III), therefore she has effectively abandoned those claims, and summary judgment is warranted as to

each. *See Great S. Wood Preserving v. Am. Home Assur. Co.*, 505 F. Supp. 2d 1287, 1297 (M.D. Ala. 2007).

## II. Jackson is due summary judgment on Cowan's retaliation and constructive discharge claims

In light of Cowan's abandonment of her racial discrimination and negligent training claims, this Court can safely set aside much of the evidentiary material and argument set forth in the filings opposing summary judgment. Cowan's retaliation and constructive discharge claims focus on the actions of individuals other than David Jones and on events that occurred between the June 21, 2006 staff meeting and Cowan's resignation in March of 2007. Indeed, it is undisputed that once Cowan's unit – bed control – was moved under the authority of nursing administration in July of 2006, David Jones no longer held any supervisory authority over her. *See* Cowan Dep. at p. 212 lines 17-21. Consequently, the circumstances surrounding David Jones's dealings with another employee named Rebecca Myrick in 2004, Jones's promotion to director of registration in 2005, his subsequent hiring of Angela Griffin with an allegedly more favorable pay/benefit package than Cowan was receiving[1], and the events during, and the subsequent fallout after, the June 21, 2006 staff meeting are all immaterial and irrelevant to any claim still at issue. *See* Plaintiff's Stmt. of Facts/Memorandum in Partial Opposition to Summary Judgment at pp. 3-8.

---

[1] In her brief, Plaintiff clearly states that Griffin was hired on at a more favorable rate of pay than she was then receiving. *See Brief* at p. 4. In her deposition, however, Plaintiff testified with equal clarity that she did not know what Griffin's rate of pay was when Griffin came to Jackson. *See* Cowan Dep. at p. 119 lines 3-20.

2

## A. <u>Retaliation</u>

Despite the divergent, contradictory, and ultimately confusing allegations of retaliation set forth in Cowan's EEOC filing, her Complaint, and ultimately her deposition testimony, it is evident that no meritorious claim exists. First, Cowan's November 2006 EEOC identifies retaliation only in the form of her being transferred to "another department" after sending emails to hospital representatives about the June 21, 2006 staff meeting. *See* EEOC Charge, Exhibit G to Motion. This claim must fail as there is no evidence of an employment action that a reasonable employee would find materially adverse. *See Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006). As has been conclusively established, Cowan's *entire unit* was moved out of the registration department back to nursing administration, where it had been located until 2003. There is no evidence that Cowan suffered any change in her employment other than the departmental hierarchy in which her unit would operate.

There is also a failure of evidence in terms of a causal connection between Cowan's internal complaints to hospital representatives and her unit's subsequent transfer to nursing administration. As noted (and not challenged by Cowan), the decision to move bed control (and Cowan) back to nursing was taken earlier in 2006 – well before the June 21 staff meeting -- at the suggestion of Sandra Sperry, an independent nursing consultant hired by the hospital. *See* Defendant's Brief in Support of Motion for Summary Judgment at pp. 6-7; Sperry Affidavit, Exhibit B to Motion. The Eleventh Circuit recently observed that "[t]here is . . . a lack of a causal connection when an employer makes a decision before the protected activity occurs and then proceeds with that decision." *See Vinnett v. General Electric Company*, 2008 U.S. App. LEXIS 7241 at *15 (11th Cir. 2008) (*citing Clark County Sch. Dist. v. Breeden*, 532 U.S. 268,

272 (2001)). Therefore, the notion that Cowan's unit's July 2006 transfer – the only subject of her EEOC charge – constitutes retaliation is wholly without merit.

Cowan has also failed to meet her evidentiary burdens with respect to her allegations of post-EEOC charge retaliation. In terms of her prima facie case, Cowan has failed to put forth sufficient evidence of a causal connection between her filing a charge of discrimination with the EEOC in November of 2006 and subsequent events that she characterizes as retaliatory.[2] As previously noted, a key part of the causation inquiry is knowledge of the protected activity by the individual taking the allegedly-adverse action. *See Raney v. Vinson Guard Service*, 120 F.3d 1192, 1197 (11th Cir. 1997) (observing that "[s]ince corporate defendants act only through authorized agents, in a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression and acted within the scope of his or her agency when taking the action). It remains undisputed that Terri Lowery, R.N., the individual who allegedly required Cowan to keep her office door closed and who implemented the House Office guidelines in February 2007, had no knowledge whatsoever of Cowan's internal grievance (submitted in June) or her EEOC charge (filed in November). *See* Lowery Affidavit, Exhibit F to Motion.

Cowan attempts to end-run Lowery's undisputed lack of knowledge by employing a "cat's paw theory," which provides that causation may be established if the decisionmaker merely followed the biased recommendation of another individual who was aware of the protected activity. *See Stimpson v. City of Tuscaloosa*, 186 F.3d 1328 (11th Cir. 1999). In

---

[2] In focusing on the third prong of the prima facie case (causal connection), Jackson ultimately does not concede Cowan's satisfaction of the second prong (*i.e.*, whether she suffered an action that a reasonable employee would have deemed to be materially adverse). The Court should note, moreover, that some of Cowan's arguments in support of "adversity" are without citation or any support in the record (*e.g.*, her eligibility for salary increases, promotions, or other "career advancement" were diminished). The hospital, of course, concedes that the filing of a charge with the EEOC would generally suffice as statutorily protected activity.

4

support of this assertion, Cowan casts Cynthia Dixon, Jackson's nursing administrator, in the role of the actor motivated by discrimination/retaliation and Lowery as a "mere conduit" or "cat's paw." *See* Plaintiff's Brief at p. 20.[3] Again without citation to the record, Cowan states that Dixon was aware of her claustrophobia, and she ultimately implies that Dixon was the real force behind Lowery's actions. *See id.* The cat's paw argument ultimately fails, however, for the more basic reason that there is no evidence that Dixon knew of Cowan's EEOC charge. *See Stimpson*, 186 F.3d at 1331 (rejecting plaintiff's cat's paw argument due to the absence of evidence that a city's allegedly discriminatory animus influenced the adverse employment action at issue).

Setting aside the absence of evidence that Lowery or Dixon was aware of Cowan's EEOC charge, causation is lacking because the other acts of which Cowan complains (loss of supervisory authority/title, curtailment of overtime opportunities, additional training requirements) were not implemented until late February 2007, some three months after Cowan filed her EEOC charge. *See* Memorandum (signed by Cowan on February 26, 2007), Exhibit K to Motion. In terms of causation, the Supreme Court and the Eleventh Circuit have noted that temporal proximity between the protected activity and the adverse action must be "very close." *See, e.g.*, *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Grier v. Snow*, 2006 U.S. App. LEXIS 26809 (11th Cir. 2006). More specifically, the Eleventh Circuit has deemed a three-month interval, without more, to be too great to establish an inference of causation. *See Grier*; *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

Finally, Jackson is entitled to summary judgment on the retaliation claim given Cowan's failure to respond to Jackson's explanation for the various actions she contends were taken in

---

[3] Cowan opted against conducting a deposition of either Lowery or Dixon.

retaliation for her discrimination complaint. The law is clear that, once the employer articulates legitimate, non-discriminatory reasons for challenged employment actions, the burden shifts back to the plaintiff to show that the articulated reasons are merely pretextual. *See Snowden v. City of Daphne*, 2008 U.S. App. LEXIS 10366 at *3. "To show that the employer's reasons were pretextual, the plaintiff must demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *See id. quoting Jackson v. State of Alabama Tenure Comm'n.*, 405 F.3d 1276, 1289 (11th Cir. 2005). Moreover, if "the proferred reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it." *See id. quoting Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). Finally, "[a] claimant cannot establish pretext by simply demonstrating facts that suggest retaliatory animus but must specifically respond to the explanation of the defendant." *See id. quoting Crawford v. City of Fairburn*, 482 F.3d 1305, 1309 (11th Cir. 2007). Jackson has provided legitimate, non-retaliatory reasons for changes in Cowan's job title, responsibilities, overtime allowances, training requirements, office location, and physical orientation of her office. Cowan has failed to respond in any way to Jackson's articulation of race-neutral reasons for the actions at issue, therefore summary judgment is warranted.

### B. Constructive Discharge

In support of her constructive discharge claim, Cowan references her high blood pressure and suggests that she was forced to chose between her health and her job. Based on these assertions, she offers the conclusory statement that "a reasonable person facing [her] medical problems would have felt compelled to resign." *See* Brief at p. 22. For this proposition, Cowan

cites *Pipkins v. City of Temple Terrance Fla.*, 267 F.3d 1197, 1201 (11th Cir. 2001).  A review of *Pipkins*, however, reveals that it does not speak to medical problems ostensibly caused by a work environment as being a basis for a meritorious claim of constructive discharge.  Given the high standard of proof associated with a constructive discharge claim, *see* Jackson's Brief at pp. 28-29, Cowan's claim fails, and Jackson urges this Court to grant its Motion for Summary Judgment, dismissing all claims with prejudice.

                                  /s/ Benjamin C. Wilson_____
                                  **BENJAMIN C. WILSON**
                                  **Ala. Bar No.: asb-1649-i54b**
                                  **Attorney for Defendant**
                                  **Jackson Hospital & Clinic, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3194**
**Fax:  (334) 481-0831**
**bcw@rsjg.com**

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed above and foregoing document with the Court via CM-ECF, on this the 3rd day of July 2008, and that service will be made electronically by CM-ECF on the following counsel of record:

Dwayne L. Brown, Esq.
Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, Alabama 36123-0205

                                  /s/ Benjamin C. Wilson_____
                                  OF COUNSEL