IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DOROTHY COWAN,                )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )       2:07cv779-MHT
                              )
JACKSON HOSPITAL & CLINIC,    )
INC., etc.,                   )
                              )
    Defendants.               )
```

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 11, 2008, wherein the following proceedings were held and actions taken:

1.  PARTIES AND TRIAL COUNSEL:

    a.  Dwayne L. Brown, counsel for the Plaintiff Dorothy Cowan.

    b.  Ben C. Wilson (appearing) and Robert C. Ward, counsel for the Defendant Jackson Hospital & Clinic, Inc.

2.  JURISDICTION AND VENUE: Jurisdiction is afforded by 28 U.S.C. §1331, 28 U.S.C. §1367, and 42 U.S.C.

§2000e-5(f). Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

3. **PLEADINGS**: The following pleadings and amendments were allowed:

    a. Complaint;

    b. Answer;

4. **CONTENTIONS OF THE PARTIES**:

    a. The Plaintiff: Plaintiff was employed by Defendant Jackson from October 24, 1988 until March 23, 2007.

On June 21, 2006, Cowan and other employees attended a staff meeting conducted by David Jones. Mr. Jones, a Caucasian, was the Director of Registration. Cowan was the supervisor of the bed control unit, a unit under the umbrella of the registration department. During said staff meeting, Jones displayed three (3) monkeys, a black gorilla and a taser toy gun under the guise of demonstrating positive and negative employee attitudes. Understandably, Cowan believed that Jones' actions in

this regard were racially motivated. Consequently, on August 30, 2007, Cowan filed a federal lawsuit against Defendant Jackson alleging, amongst other things, retaliation and constructive discharge.

First, Cowan's retaliation and constructive discharge claims are not barred. Her federal lawsuit related to, or grew out of the allegations she made in her EEOC charge.

Second, Cowan's retaliation claim is not due to be dismissed on the merits. Plaintiff has proffered substantial evidence that she engaged in statutorily protected activity that she reasonably believed to be racially discriminatory. As a result, Defendant Jackson subjected Cowan to adverse employment action by demoting her from bed control supervisor to bed control clerk. Jackson's action in this regard disminished Cowan's opportunity for career advancement. Furthermore, this demotion reduced Cowan's prestige and job responsibility.

Due to opposing Defendant Jackson's discriminatory

conduct, Cowan was subjected to such adverse treatment, that Cowan's physical and emotional health were adversely affected. Consequently, Cowan was advised by her physician to take family medical leave. Upon her return from medical leave, Cowan continued to be subjected to an oppressive work environment. Because of her ongoing medical problems, Cowan resigned from Jackson on March 23, 2008.

    b. The Defendant: Jackson Hospital denies each and every material allegation set forth in the Plaintiff's Complaint and incorporates its Answer and all defenses herein. Jackson first contends that the statements and actions of David Jones during the June 21, 2006 staff meeting were intended merely to illustrate the topic of discussion at the gathering (*i.e.*, employee attitudes and morale, and improved customer/patient service) and were not intended to racially discriminate against or otherwise offend the Plaintiff or any other participant. Nevertheless, hospital representatives

promptly appropriately investigated the complaint subsequently submitted by the plaintiff, and Jones apologized to the attendees during a subsequent meeting. Jackson further contends that Jones's statements and actions did not constitute actionable racial discrimination of any type and that Plaintiff, through failing or declining to respond to Jackson's Motion for Summary Judgment on this claim (and the negligent training claim), has abandoned it.

Jackson contends that the Plaintiff's retaliation claim should be limited as a matter of law to the allegation of retaliation leveled in her charge of discrimination to the EEOC (*i.e.*, that after complaining internally, she was transferred to another department). Jackson contends that Plaintiff's more expansive claims of post-EEOC-charge retaliation were never known to the hospital during the EEOC investigation (and hence were not addressed in the hospital's response), were not evaluated by the EEOC, and would not reasonably grow out

5

of her charge, thus Plaintiff's post-charge claims of retaliation are barred due to Plaintiff's failure to exhaust the required administrative remedies.

Substantively, Jackson contends that the departmental transfer raised in Plaintiff's EEOC charge involved the transfer of her entire unit (bed control) to the control of nursing administration. The bed control office had originally been under the control of nursing administration until it was moved under the control of the registration department a few years before the events at issue. Several months before the June 21, 2006 staff meeting, Jackson brought in a team of independent nursing consultants to study hospital operations. One of the first recommendations of those consultants was to return the bed control office to the control of nursing administration. The hospital adopted that recommendation several months before the June 21, 2006 staff meeting but held off on implementation until the arrival of Cynthia Dixon, the new vice president of nursing, in July of

2006. When the transfer of bed control to nursing administration became official in late July 2006, David Jones, who remained in registration/patient access until early 2007, had no further supervisory authority over Plaintiff.

Jackson further contends that the subsequent relocation of Plaintiff's office into a new "House Office" occurred before her EEOC charge and was part of a plan by nursing administrators to physically consolidate bed control with other units (staffing and nursing/house supervisor) with which bed control personnel regularly worked. Jackson contends that subsequent instructions about keeping House Office doors closed were issued by an individual who had no knowledge whatsoever of Plaintiff's complaints over the June staff meeting or the EEOC charge and that those instructions were grounded solely in legitimate concerns concerning the privacy of patient identification/information/confidentiality as well as

sensitive nursing personnel issues.

Similarly, subsequent changes in plaintiff's job definition, overtime availability, and the introduction of cross training of all House Office personnel were brought about by individuals who were unaware of Plaintiff's EEOC charge, who had vast experience with nursing operations, and who were legitimately attempting to improve the function and operation of the House Office. Jackson contends that the Plaintiff chose to voluntarily resign her employment rather than go forward under these new procedures, which applied to all employees in the House Office. Finally, Jackson contends that Plaintiff immediately took a job with another employer that paid her more in base wages than she was making at Jackson.

    5.   <u>**STIPULATIONS BY AND BETWEEN THE PARTIES**</u>

    It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last four days, are set for September 8, 2008, at

10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) The parties in this case are not required to file trial briefs.  However, if they wish to do so, their trial briefs shall be filed no later than September 3, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling

order (Doc. No. 13) entered by the court on October 23, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 11th day of August, 2008.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**